UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA  :  No. 4:CR-04-0119
                          :
    vs.                   :
                          :
CHRISTY LEE NUGENT        :  (Judge Muir)

## ORDER

May 6, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The background of this order relates back to the orders we issued on March 25, 2005, and May 2, 2005.  In the former order we determined that an upward departure pursuant to United States Sentencing Guideline § 5K2.8 is appropriate in this case due to certain actions that Defendant Christy Lee Nugent took in the course of her fraudulent adoption scheme.  In the subsequent order we 1) denied a supplemental objection to the pre-sentence report which Nugent based upon statements we made in the March 25, 2005, order, and 2) scheduled Nugent's sentencing for May 23, 2005.

On May 3, 2005, Nugent filed a motion for reconsideration of the May 2, 2005, order.  A supporting brief was filed with the motion.  The government expeditiously filed its opposition brief on May 5, 2005, "in hopes that the scheduled date for sentencing is maintained." (Government's Opposition Brief, p. 1, n.1) Also on May 5, 2005, Nugent informed the Clerk of Court that she would not be filing a reply brief.  Nugent's motion for reconsideration

thus became ripe for disposition yesterday.

Before addressing the motion's merits, as a preliminary matter we will set forth the legal principles governing motions for reconsideration, beginning with the well-settled doctrine of 'law of the case.'  It is important to note the manner in which a court's reconsideration of a prior decision meshes with that doctrine.

The 'law of the case' doctrine "directs [a federal court's] exercise of its discretion." Public Interest Research Group of New Jersey, Inc., et al. v. Magnesium Elektron, Inc., 123 F.3d 111, 113 (3d Cir. 1997).  When the United States Supreme Court considered how a motion for reconsideration affects the scope and nature of that discretion, it commented that

> [a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous <u>and</u> would work a manifest injustice.'

Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988)(Emphasis added).

The Supreme Court's guidance in <u>Christianson</u> is reflected in the repeated holding of the Court of Appeals for the Third Circuit that

> we have recognized that the doctrine [of law of the case] does not preclude our reconsideration of previously decided issues in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous

and would create manifest injustice.
In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998)(Emphasis added); See also Public Interest Research Group of New Jersey, Inc., 123 F.3d at 117-118.  A demonstration of extraordinary circumstances as outlined in those cases is a threshold prerequisite for obtaining reconsideration of a court's prior decision.

There are also numerous cases discussing the events and conditions that do not constitute extraordinary circumstances justifying a court's reconsideration of a prior decision.  "A motion for reconsideration is not properly grounded on a request that a court should rethink a decision it has already made." Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, *2 (E.D. Pa. March 7, 2000)(Brody, J.).  Moreover, "where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)(McClure, J.)(citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); see also DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139-40 (3d Cir.1980).

We further note that the standard applied to a motion for reconsideration in a criminal case is the same as that applied to such a motion filed in a civil case. See United States v. Herrold, 962 F.2d 1131, 1136 (3d Cir. 1992).

3

As the cases cited above demonstrate, a motion for
reconsideration is a device of limited utility.  Its fundamental
purpose is to remedy manifest errors of law or fact or to present
newly discovered precedent or evidence which, if discovered
previously, might have affected the court's decision. Harsco,
*supra*.  A party seeking to establish that the court has made such
a manifest error is required "to persuade us not only that our
prior decision was wrong, but that it was clearly wrong and that
adherence to that decision would create manifest injustice." In
re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir.
1998).  We will apply those concepts to Nugent's motion for
reconsideration of the May 2, 3005, order.

We discern two principal grounds upon which Nugent bases her
motion for reconsideration.  The first is the underlined sentence
found in the following paragraph of our order of May 2, 2005:

> There is a critical distinction to be drawn between the
> point at which the technical elements of an offense may be
> fulfilled and the point at which an actual defendant
> completes the criminal conduct relating to his or her
> offense.  As we stated in our order of March 25, 2005, "[i]t
> is undisputed that Nugent's offense conduct extended far
> beyond the receipt of checks and other money." (Id.)  Nugent
> has not made any attempt to challenge the facts asserted in
> that statement and a fair review of the entire record
> confirms the statement's validity.  Although Nugent had
> fulfilled the elements of mail fraud when the checks were
> sent to her, she decided to continue the offense conduct by
> carrying on her fraudulent scheme.

(Order of May 2, 2005, p. 2)

Nugent quotes the underscored sentence in her motion for

reconsideration and states "[t]o the extent that this Honorable Court's Order relies upon Nugent's failure to object to that statement, Nugent seeks reconsideration." (Motion for Reconsideration, p. 2, ¶7)

Nugent's second and related basis for seeking reconsideration extends from her "position ... that she could not have been continuing the mail fraud when she caused the families to travel to Texas." (Id., p. 4, ¶12)  She argues that "[a]lthough the statute to which Nugent pled guilty does cover 'any scheme or artifice,' it must be a scheme or artifice involving a mailing," (Motion for Reconsideration, p. 4, ¶13), and that "[r]equiring the families to travel to Texas, was, arguendo, part of some other 'scheme or artifice' but not the offense of conviction, mail fraud." (Id., p. 4, ¶15)

As a threshold matter we observe that neither of Nugent's asserted bases for relief lies within the scope of subjects which may properly be raised in a motion for reconsideration.  Put another way, Nugent's arguments do not relate to the availability of new evidence, the announcement of a supervening new law, or a clearly erroneous decision creating some manifest injustice. See In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998).  That is one reason to deny Nugent's motion, but it is not the only reason.

Out of an abundance of caution we will proceed to consider

the merits of Nugent's two arguments.  With respect to the first argument, she contends that our order of May 2, 2005, is erroneous "[t]o the extent that [it] relies upon Nugent's failure to object" to the statement that "[i]t is undisputed that Nugent's offense conduct extended far beyond the receipt of checks and other money." (Motion for Reconsideration, p. 2, ¶7)

This argument is without merit because our order of May 2, 2005, explicitly notes that "a fair review of the record confirms the statement's validity." (Order of May 2, 2005, p. 7)  We intentionally added that language to cover the possibility that something in one of Nugent's prior filings could be construed as an objection to the conclusion that her offense conduct extended beyond the receipt of the two checks cited in the counts of the indictment to which she pled guilty.  As a result, Nugent's failure expressly to object to the statement at issue is entirely inconsequential.

Nugent's other argument is based on her "position ... that she could not have been continuing the mail fraud when she caused the families to travel to Texas." (Id., p. 4, ¶12)  We agree with government's view that this argument is simply based on an untenably narrow reading of the statute at issue.  The facts of record demonstrate that Nugent's mail fraud encompassed, or in

Nugent's own words "involved,"[1] both checks sent by the victims and trips to Texas by the victims to pick up babies who never existed.

We will deny the motion for reconsideration.  In light of the fact that we have been able to rule on Nugent's motion for reconsideration promptly, there is no need to reschedule her sentencing.

NOW, THEREFORE, IT IS ORDERED THAT:

Nugent's motion (Document 49) for reconsideration of our order dated February 18, 2004, is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga

---

[1]Nugent states in her motion that "[a]lthough the statute to which [she] pled guilty does cover 'any scheme or artifice,' it must be a scheme or artifice involving a mailing." (Motion for Reconsideration, p. 4, ¶13)